**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-1713**

PAUL FISCHER, M.D.; ROBERT CLARK, D.O.; LESLIE POLLARD, M.D.,

        Plaintiffs – Appellants,

    and

EDWIN SCOTT; ROBERT SUYKERBUYK, M.D.; REBECCA TALLEY, M.D.,

        Plaintiffs,

    v.

DONALD BERWICK, M.D., in his official capacity as Administrator, Centers for Medicare & Medicaid Services; KATHLEEN SEBELIUS, in her Official Capacity as Secretary of the United States Department of Health and Human Services,

        Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore. William M. Nickerson, Senior District Judge. (1:11-cv-02191-WMN)

Submitted: December 14, 2012      Decided: January 7, 2013

Before NIEMEYER, MOTZ, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Timothy F. Maloney, Veronica B. Nannis, Matthew M. Bryant, JOSEPH, GREENWALD & LAAKE, P.A., Greenbelt, Maryland, for

Appellants. William B. Schultz, U.S. DEPARTMENT OF JUSTICE, Washington, D.C.; Robert W. Balderston, Lawrence J. Harder, Amy Weiser, DEPARTMENT OF HEALTH & HUMAN SERVICES, Washington, D.C.; Stuart F. Delery, Acting Assistant Attorney General, Mark B. Stern, Alisa B. Klein, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Rod J. Rosenstein, United States Attorney, Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellants, six primary care physicians, brought suit against Donald Berwick, Administrator of the Centers for Medicare and Medicaid Services ("CMS"), and Kathleen Sebelius, Secretary of the United States Department of Health and Human Services ("HHS"), challenging the method by which CMS and HHS determine the value of reimbursements paid to physicians for various procedures under the Medicare Physician Fee Schedule ("PFS"). Specifically, Appellants challenged CMS's and HHS's overreliance on the American Medical Association's Relative Value Update Committee ("AMA RUC")'s recommendations in the process of determining Relative Value Units ("RVUs"), which influence the PFS. The district court dismissed the suit for lack of subject matter jurisdiction, finding that Appellants' claims were barred under 42 U.S.C. § 1395w-4(i)(1)(B) (2006), which prohibits judicial review of the determination of RVUs. Appellants now contend that the district court erred in: (1) holding that § 1395w-4(i)(1)(B) bars judicial review of their claims; (2) failing to conduct a cursory review of the merits pursuant to Leedom v. Kyne, 358 U.S. 184 (1958); (3) holding that their due process claim was not exempt from § 1395w-4(i)(1)(B)'s bar and failing to consider their delegation clause claim in this context; and (4) dismissing their Federal Advisory Committee Act ("FACA") claims. Finding no error, we affirm.

Appellants first contend that the district court erred in holding their claims barred by § 1395w-4(i)(1)(B).  We review a district court's dismissal for lack of subject matter jurisdiction de novo.  Etape v. Chertoff, 497 F.3d 379, 382 (4th Cir. 2007).  There exists a strong presumption that Congress intends judicial review of administrative action, which can only be rebutted by clear and convincing evidence of contrary legislative intent.  Am. Soc'y of Cataract & Refractive Surgery v. Thompson, 279 F.3d 447, 452 (7th Cir. 2002).  Contrary legislative intent may be proved by specific language or legislative history, or by the details of the legislative scheme.  See id.

Section 1395w-4(i)(1)(B) provides:  "There shall be no administrative or judicial review under section 1395ff of this title or otherwise of . . . the determination of relative values and relative value units under subsection (c) of this section."  This provision is a clear and explicit indication of legislative intent to prohibit judicial review of claims challenging the determination of RVUs.  Accordingly, the issue is whether Appellants' claims challenge the determination of RVUs.

We find that Appellants' claims challenge the determination of RVUs, and therefore are barred by § 1395w-4(i)(1)(B).  Section 1395w-4(i)(1)(B) bars challenges not only to the ultimate determinations of RVUs, but also to the process

4

of making those determinations. See Thompson, 279 F.3d at 452-54. Appellants challenge CMS's and HHS's reliance on the AMA RUC's recommendations in the process of determining RVUs. This is a challenge to the determination of RVUs, not some policy ancillary to that determination. See id. at 453 (describing ancillary policies as those applied only after relative values are determined, and exempting ancillary policies from § 1395w-4(i)(1)(B)'s bar). Accordingly, the district court properly held Appellants' claims barred under § 1395w-4(i)(1)(B).

Appellants next contend that even if § 1395w-4(i)(1)(B) bars review of their claims, the district court erred in failing to conduct a cursory review of the merits pursuant to Leedom v. Kyne, 358 U.S. 184 (1958). Even where a statute expressly bars judicial review of agency action, Kyne provides an exception for claims that an agency exceeded its delegated powers, by acting contrary to a specific prohibition. Kyne, 358 U.S. at 188; Hanaeur v. Reich, 82 F.3d 1304, 1307 (4th Cir. 1996). Under this exception, the court must conduct a cursory review of the merits notwithstanding the statutory bar. Thompson, 279 F.3d at 456; Hanaeur, 82 F.3d at 1309. But even if the exception applies, the district court will not have jurisdiction over the case unless the cursory review reveals that the agency violated a clear statutory mandate. See Hanaeur, 82 F.3d at 1309.

Appellants have waived this argument by failing to raise it in the district court. See Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993). In any case, the argument lacks merit because there is no violation of a clear statutory mandate. See Hanaeur, 82 F.3d at 1309. Appellants point to no statutory provision prohibiting reliance on the AMA RUC's recommendations, because no such provision exists.

Appellants next contend that the district court erred in finding that § 1395w-4(i)(1)(B) would not violate their due process rights and in failing to address whether the bar would violate the delegation clause. Another exception to the statutory bar on judicial review exists where the bar would be unconstitutional. See Thompson, 279 F.3d at 454. With respect to the due process claim, the district court correctly determined that Appellants have no legitimate property interest in having RVUs determined in a particular manner, as opposed to being reimbursed at the set rate for services actually rendered. See id. at 455. It therefore properly refused to except that claim from the statutory bar. With respect to the delegation clause claim, while the district court did not separately address this claim in the context of the unconstitutionality exception, Appellants waived this issue by failing to raise it below. In any case, any error on the part of the district court was harmless. Because Appellants'

6

"delegation clause" claim is in reality based entirely on statute—namely, 42 U.S.C. § 1395w-4(c)(2) (2006), which gives the Secretary the power to determine RVUs—Appellants have no right to judicial review. See Am. Soc'y of Dermatology v. Shalala, 962 F. Supp. 141, 146 & n.3 (D.D.C. 1996) (refusing to review plaintiffs' constitutional arguments, including one based on "nondelegation"); see also § 1395w-4(i)(1)(B) (barring judicial review of the determination of RVUs "under subsection (c) of this section"). Moreover, the argument is unpersuasive, as the delegation clause is not implicated when a private entity acts in an advisory role. See Pittston Co. v. United States, 368 F.3d 385, 395 (4th Cir. 2004).

Finally, Appellants contend that the district court erred in dismissing as unreviewable counts one, four, and six of their complaint. These counts allege that the AMA RUC is a de facto federal advisory committee and that it violated the rules of FACA by failing to open its meetings and records to the public. Appellants contend that the district court erred in dismissing these counts because claims brought under FACA are not subject to § 1395w-4(i)(1)(B)'s bar on judicial review. See Dermatology, 962 F. Supp. at 146 ("With respect to plaintiffs' FACA claims, 42 U.S.C. § 1395w-4(i)(1) does not deprive the Court of jurisdiction."). Assuming without deciding that Appellants' FACA claims are reviewable, these claims fail

7

in any event because the AMA RUC is not an advisory committee subject to FACA.  See 5 U.S.C. app. 2 § 3 (2006) (defining an "advisory committee" as a group established or utilized by an agency); Dermatology, 962 F. Supp. at 147 (holding that the AMA RUC was not subject to FACA because it was not established or utilized by CMS).

Accordingly, we affirm the district court's order.  We dispense with oral arguments because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED